[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15896
Non-Argument Calendar

_____

D. C. Docket No. 05-00019-CR-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO JAVIER RAMIREZ-GUTIERREZ,
a.k.a. Javier Ramirez-Gutierrez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 8, 2006)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Francisco Javier Ramirez-Gutierrez (herein "Ramirez") appeals his 60-month sentence, arguing that the district court imposed an unreasonable sentence. For the reasons set forth more fully below, we affirm.

Ramirez was indicted on one count of illegal re-entry of the United States by an alien who previously had been deported, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Ramirez initially pled not guilty and filed a motion to suppress statements made to Immigration and Customs Enforcement (ICE) agents. The court ultimately denied the motion to suppress and Ramirez subsequently entered a guilty plea in open court without an agreement. Ramirez admitted in open court that he previously was deported from the United States in 1999 and that he returned without the permission of the government.

A presentence investigation report (PSI) set Ramirez's base offense level at 8, pursuant to U.S.S.G. § 2L1.2. Ramirez was assessed a 16-level enhancement under § 2L1.2(b)(1)(A) because he previously had been convicted of two violent felonies, namely a 1994 conviction for cruelty to children involving violence and a 1995 conviction for aggravated assault. Next, Ramirez received a two-level reduction for acceptance of responsibility under § 3E1.1(a), but the government indicated that it would not move for an additional one-level reduction under § 3E1.1(b). Thus, Ramirez's total offense level was set at 22. Ramirez was

2

assessed six criminal history points, three points each for the cruelty to children and aggravated assault charges, which placed him in criminal history category III. With offense level 22, criminal history category III, Ramirez's recommended sentencing range was 51 to 63 months' imprisonment.

At the sentencing hearing, Ramirez alleged that the cruelty to children charge that resulted in three criminal history points was based upon false information and did not actually occur. The district court noted that Ramirez had pled guilty to the charge and it would not re-litigate the conviction, but agreed to hear from Ramirez's daughter. Ramirez's daughter then testified that Ramirez had not hit her and that the supposed bruises on her arm were birthmarks. She later clarified that she had been hit, but she did not know whether it was her mother or her father that hit her, as she was just a "little girl" at the time. The district court did not find the testimony credible.

Next, Ramirez argued that the government's decision to withhold the additional one-level reduction for acceptance of responsibility created an unwarranted sentencing disparity between defendants who received the additional reduction by pleading guilty pursuant to an agreement and defendants like Ramirez who did not enter a plea agreement and did not receive the one-level reduction. The district court questioned Ramirez as to why he did not enter an agreement to

3

get the additional reduction. Ramirez responded in part that he was unwilling to waive his right to an appeal, and argued that the failure to receive the additional one-level reduction treated similarly situated defendants differently, a factor to consider under § 3553(a)(6). Ramirez admitted that, under the guidelines, the one-level reduction was only available if recommended by the government, but still requested that the court avoid the unwarranted sentencing disparity when imposing a sentence.[1]

The district court stated that Ramirez's record was bad and that it seemed that "every time the law enforcement system sees you, you are threatening a woman or a child or hurting them." It noted that Ramirez had the right not to enter an agreement, although it did not "understand the wisdom of that decision." Nevertheless, the court stated that, in a post-Booker sentencing regime, it could give credit for an additional level notwithstanding the government's decision not to recommend it, but chose not to do so in this case. The court indicated that it was "not real clear about the acceptance of responsibility," did not "think well" of the fact that Ramirez pled guilty to a charge that he had attempted to undermine by having his daughter testify, and, while the court would not consider it obstruction of justice, it was an aggravating factor. Thus, the court adopted the calculations in

---

[1] If Ramirez had received the additional one-level reduction, his sentencing range would have been 46 to 57 months instead of 51 to 63 months.

the guidelines and found an advisory guidelines range of 51 to 63 months.

Prior to imposing a sentence, the court found that absent the guidelines, it would probably have imposed a lengthier sentence because Ramirez was a "violent man" and the court was concerned that someone would end up dead if he kept returning to the United States. The court saw the purpose of punishment as removing Ramirez from society, and then imposed a 60-month sentence that it believed was "very reasonable."

On appeal, Ramirez argues that his sentence is unreasonable because the district court "refused to consider evidence" from his daughter showing that he was, in fact, innocent of the charges that led to a conviction for cruelty to children and further penalized Ramirez by questioning the "wisdom" of not entering a plea agreement. He further argues that the failure to take into consideration the unwarranted sentencing disparity between Ramirez and other similarly situated defendants rendered the sentence unreasonable. The government argues, <u>inter alia</u>, that we should hold Ramirez's case in abeyance pending a decision on the government's petition for a rehearing of <u>United States v. Martinez</u>, 434 F.3d 1318 (11th Cir. 2006), in which we rejected the government's argument that we lacked jurisdiction to review a sentence for unreasonableness.

Where a defendant challenges his overall sentence, we review for

5

unreasonableness.  United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Booker, 543 U.S. 220, 261-62, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005) (holding that appellate courts review sentences for unreasonableness in light of the 18 U.S.C. § 3553(a) sentencing factors).

As a preliminary matter, the government's request that we hold Ramirez's appeal in abeyance pending a decision on whether to rehear the Martinez decision is now moot, as this Court denied the government's petition for an en banc rehearing on March 6, 2006.  Accordingly, we have jurisdiction to review Ramirez's sentence for unreasonableness.  Martinez, 434 F.3d at 1321-22.

At the time of Ramirez's sentencing on October 6, 2005, the Supreme Court had issued its ruling in Booker rendering the guidelines advisory only, and, therefore, the district court, while required to consult and properly calculate the guideline range, was not bound by the recommended range of 51 to 63 months. See Booker, 543 U.S. at 259-60, 125 S.Ct. at 764-65 (excising the mandatory application of the guidelines); United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (holding that, although the guidelines are advisory after Booker, the district court is still bound to consult them and accurately calculate the sentencing range).  We have rejected the notion that a sentence within the guidelines is per se reasonable, although "the use of the Guidelines remains central

6

to the sentencing process." United States v. Talley, 431 F.3d 784, 787 (11th Cir. 2005). We have further stated that, "there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id. at 788.

Turning to the instant case, it is first noted that nothing in the record suggests that the district court penalized Ramirez for not entering a plea agreement or for presenting the testimony of his daughter to contest his conviction for cruelty to children. If anything, the court's concern with the plea agreement was that Ramirez might have received the additional one-level reduction by entering an agreement. In fact, the court found that, post-Booker, it "frequently" would have granted at least the equivalent of a one-point reduction, even in the absence of the government's motion, "for the reasons argued by counsel." However, the court refused to use its discretion to grant Ramirez the equivalent of a one-level reduction because it was "not real clear about the acceptance of responsibility," especially in light of the fact that Ramirez had attempted to contest one of his prior convictions for cruelty to children. Nothing in the record indicates that the court, in any way, refused to grant the additional level or its equivalency because Ramirez failed to enter a plea agreement.

As to the testimony regarding the cruelty to children conviction, the court made clear that it was not going to relitigate the conviction, and it found Ramirez's daughter to be an uncredible witness. Nothing suggests, however, that Ramirez was in any way penalized, as the court declined to find that Ramirez had attempted to obstruct justice. Instead, the court adopted the PSI's factual findings guideline calculations, including the contested conviction (to which Ramirez had admittedly pled guilty), which recommended a sentencing range of 51 to 63 months. Based on the court's view that Ramirez was "a violent man" who had a history of threatening or hurting women or children, the court imposed a 60-month (5-year) sentence, well within the range contemplated by the guidelines and based on a specifically enumerated sentencing factor. See 18 U.S.C. § 3553(a)(1)-(2)(B)-(C) (providing that district courts should consider the history and characteristics of the defendant and the need of the sentence to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant). In fact, in the absence of the guidelines, the record indicates that the district court would have imposed a higher sentence.

Furthermore, the statutory maximum sentence in this case was 20 years' imprisonment, and the district court was bound only by the ceiling imposed by statute. 8 U.S.C. § 1326(b)(2); United States v. Duncan, 400 F.3d 1297, 1308

(11th Cir. 2005) (recognizing that the statutory maximum sentence, not the guideline sentence, is the maximum sentence permitted by law).  A five-year sentence was one fourth of the maximum sentence allowable by law, and it cannot be said that Ramirez's sentence was unreasonable.  See, e.g., Winingear, 422 F.3d at 1246 (affirming the defendant's sentence as reasonable where it was one-tenth of the statutory maximum sentence).

We, therefore, conclude that nothing in the record suggests that Ramirez was penalized by the district court for not entering a plea agreement or for contesting his conviction for cruelty to children, and the district court's sentence of 60 months' imprisonment was not unreasonable.

**AFFIRMED.**